UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MIGUEL LOYOLA,

    Plaintiff,

v.                                                       Case No. 4:19cv278-MW-HTC

GERALD BARBARITO, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Miguel Loyola has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Doc. 1) and motion to proceed *in forma pauperis* (ECF Doc. 2). Upon review of the complaint, the undersigned concludes the Court lacks subject-matter jurisdiction over Plaintiff's claims and this case should be dismissed.

    I.    Background

Plaintiff is an inmate of the Florida Department of Corrections ("FDOC") currently confined at Okeechobee Correctional Institution. His complaint names three (3) Defendants: (1) Gerald Barbarito, the Bishop of the Catholic Diocese of Palm Beach, Florida; (2) Loyola Assembly, a group located in Palm Beach Gardens, Florida, and affiliated with the Catholic Church and Knights of Columbus; and (3) McArthur Dairy, Inc., ("McArthur") a corporation located in Fort Lauderdale, Florida.

Plaintiff alleges the Defendants are "disrespecting . . . the Loyola name" and causing the "deformation of the spiritual sainthood of [Plaintiff's] bloodline 'Saint Ignatius de Loyola.'" Plaintiff then makes the conclusory assertion that Defendants "possibly" committed a litany of crimes, including sexual molestation, drug trafficking, human trafficking and fraud. Plaintiff also says Defendants "speak out" on a variety of political, social and economic issues, including at the Loyola Assembly's annual meeting in Tallahassee. Plaintiff claims such discussions violate the rules set by his "bloodline, Saint Ignatius de Loyola" and the meetings are held without the consent of Plaintiff or his family. Due to this lack of consent, Plaintiff alleges "all decisions, compacts, deals, treaties etc. that were made on [the] state [and] federal levels are void." Plaintiff further alleges the Loyola Assembly is improperly using his family's name to raise money.

With respect to McArthur, Plaintiff claims the company "allowed a physical assault with blood loss and busted eye socket on Plaintiff . . . on [its] land in Okeechobee which is a disrespect . . . to [a] Loyola family member." Plaintiff alleges this assault occurred on December 13, 2018.

In the "Statement of Claims" section of the complaint form, Plaintiff wrote:

> Deformation of name, children sexual molestation, human trafficking, tax evading, fraudulent immigration legal services, drug trafficking, fraudulent Catholic charities, money laundering, fraudulent elder affairs, illegal fraudulent conferences, meetings, t[h]warting educational matters involving parochial and public schools for polary [sic] gain and favors, physical assault with injury[.]

ECF Doc. 1 at 8.  As relief, Plaintiff seeks $900 billion in damages.  *Id.*

II.  Discussion

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "Subject-matter jurisdiction in federal court can be found under either 28 U.S.C. § 1331, federal question, or 28 U.S.C. § 1332, diversity jurisdiction."[1] *Haynes v. Sacred Heart Hosp.*, 149 F. App'x 854, 855 (11th Cir. 2005).

Plaintiff's complaint does not present a federal question.  He does not allege a violation of any specific provision of federal law.  Although Plaintiff purportedly brings his complaint pursuant to 42 U.S.C. § 1983, "§ 1983 is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Booth v. City of Roswell*, 754 F. App'x 834, 837 (11th Cir. 2018) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

---

[1] Plaintiff cannot invoke the Court's diversity jurisdiction because his complaint indicates all parties are citizens of Florida.  *See Legg v. Wyeth*, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity'—the citizenship of every plaintiff must be diverse from the citizenship of every defendant.").

Case No. 4:19cv278-MW-HTC

Additionally, Plaintiff cannot bring a claim pursuant to § 1983 because none of the Defendants are state actors. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) (citation omitted). "State action requires both an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the States or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Haynes*, 149 F. App'x at 855 (quoting *Patrick v. Floyd Med. Ctr.*, 201 F.3d 1313, 1315 (11th Cir. 2000)). All three (3) Defendants named in the complaint are private parties, and Plaintiff does not allege facts indicating any of the Defendants could be considered state actors under the state compulsion test, the public function test or the nexus/joint action test.[2] Because Plaintiff does not allege a violation of federal law by a state actor, the Court does not have jurisdiction over his claims under § 1983. *See id.* at 856 ("Because

---

[2] *See Haynes*, 149 F. App'x at 855-56 ("Only in rare circumstance may a private party be viewed as a state actor for § 1983 purposes. To hold that private parties are state actors, we must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).") (citations omitted).

Case No. 4:19cv278-MW-HTC

Haynes did not allege a constitutional violation by a state actor, he fails to meet the jurisdictional prerequisites to bring an action under § 1983.").

Furthermore, Plaintiff does not allege he was injured by most of the activities he alleges Defendants engaged in (e.g., sexual molestation, human trafficking, fraud) and, thus, does not have standing to bring claims based on those activities. *See Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1184 (11th Cir. 2019) ("Standing is a limitation on federal subject matter jurisdiction derived from Article III. It requires plaintiffs to show they suffered an injury in fact traceable to the defendant's conduct and redressable by a favorable judicial decision.") (citations omitted). To the extent Plaintiff alleges such activities "disrespected" his family's name, that claim is akin to defamation and does not present a federal question. *See Spear ex rel. Spear v. Publix Super Markets, Inc.*, No. 08-81453-CIV, 2008 WL 5276441, at *2 (S.D. Fla. Dec. 18, 2008) ("Clearly, defamation claims do not seek relief under federal law.").

Finally, Plaintiff does allege he was injured by an assault that took place on McArthur's land on December 13, 2018. Putting aside the fact Plaintiff has been in FDOC custody since September 18, 2008,[3] this is a claim for negligence against McArthur which, again, is a state-law claim that does not present a federal question. Thus, Plaintiff has failed to establish this Court has subject-matter jurisdiction over

---

[3] *See* Miguel Oyola, FDOC No. N15968, http://www.dc.state.fl.us/OffenderSearch/Search.aspx

Case No. 4:19cv278-MW-HTC

his claims and the complaint should be dismissed. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2.  That the clerk close the file.

At Pensacola, Florida, this 24th day of June, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.